IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden,<br><br>          Plaintiff,<br><br>vs.<br><br>Bob Walkup, individually and in his official capacity as Mayor of the City of Tucson; et al.,<br><br>          Defendants. | No. CV-13-283-TUC-DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Presently pending before this Court is Plaintiff's Application to Proceed In Forma Pauperis and Supporting Declaration (Doc. 2).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 5).

For the reasons stated below, the Magistrate Judge recommends that the District Court grant Plaintiff's application to proceed *in forma pauperis*, and dismiss Defendants Walkup, Kozachik, Miranda, Rankin, Riojas, Villasenor, Couch, City of Tucson, and Does 1-100 without prejudice.

**I.  DISCUSSION**

It appears that Plaintiff meets the *in forma pauperis* requirements of 28 U.S.C. §

1915. Pursuant to 28 U.S.C. § 1915(e)(2)(B), however, the court must dismiss any complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious or fails to state a claim upon which relief can be granted, or seeks monetary relief from an individual who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). This Court may grant leave to proceed *in forma pauperis*, allow the filing of the complaint, and then determine whether to dismiss the complaint prior to service of process for failure to state a claim upon which relief may be granted. *See Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.6 (9th Cir. 1984).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (*emphasis added*). In order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the damages he seeks. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id*. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Though Plaintiff has provided a basic description of four incidents which occurred on May 1, 2011, September 7, 2011, and September 13, 2011, Plaintiff fail to set forth a "short and plain statement" of his claims *against any of the named Defendants* pursuant to Federal Rules of Civil Procedure 8(a). Plaintiff alleges no separate cause of action or separately identifiable legal claim against any of the Defendants in his Complaint.

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)(citations omitted). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## II. PLAINTIFF'S COMPLAINT

Plaintiff states in his Complaint that he seeks redress for violation of his right to:

Speech, press, petition and assembly under the First Amendment of the Constitution of the United States, the Plaintiff's right to be free of illegal seizures under the Fourth Amendment of the Constitution of the United States, the Plaintiff's right to be free from unlawful seizure, malicious prosecution and imprisonment as provided for by the Fourth and Fourteenth Amendments of the Constitution of the United States, and the Plaintiff's right to due process of law as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

(Doc. 1, ¶ 3)

Separate from this recitation of constitutional violations, Plaintiff recites a litany of facts and allegations, but no causes of action are alleged against any particular Defendants. He does allege one act of unlawful conduct in the Complaint against a particular Defendant. (*Id*., ¶ 17). Plaintiff alleges that Defendant Assistant Tucson Police Chief Kathleen Robinson, acting pursuant to directions given by her superiors, "unlawfully prevented Plaintiff from entering Armory Park Tucson Arizona for the purposes of speaking out on Tucson City Open Border Policy" on May 1, 2011. (*See id*., ¶ 17). The Court finds that, liberally interpreted, this plausibly states a claim under 28 U.S.C. § 1983, for violation of Plaintiff's freedom of speech.

The Complaint fails to state a claim as to all other named and unnamed defendants. Plaintiff's threadbare recitation of facts and failure to allege any causes of action or further unlawful conduct by any other individual Defendant named in the Complaint or that he suffered a specific injury as a result of the conduct of a particular defendant and an affirmative link between the injury and the conduct of that defendant

renders his Complaint insufficient as to all other Defendants and claims. Thus, the Court will dismiss Defendants Walkup, Kozachick, Miranda, Rankin, Riojas, Villasenor, Couch, the City of Tucson, and Does 1-100.

Finally, judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Thus, this serves as an alternative basis to dismiss Defendant Riojas.

**III.   RECOMMENDATION**

In conclusion, the Magistrate Judge RECOMMENDS that the District Court GRANT Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) without prepayment of costs or fees or the necessity of giving security therefore.

The Magistrate Judge FURTHER RECOMMENDS that the DISTRICT COURT DISMISS the following Defendants from this action without prejudice: Walkup, Kozachik, Miranda, Rankin, Riojas, Villasenor, Couch, City of Tucson, and Does 1-100.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. *See id.* If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

If objections are filed the parties should use the following case number: **CV 13-0283-TUC-DCB**.

Dated this 8th day of August, 2013.

_____
Bernardo P. Velasco
United States Magistrate Judge