**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden,<br><br>        Plaintiff,<br><br>v.<br><br>Bob Walkup, et al.,<br><br>        Defendants. | No. CV-13-00283-TUC-DCB (BPV) (l)<br>No. CV-13-01067-TUC-DCB (BPV) (c)<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiff's Motion to Amend Complaint (Doc. 78); (2) Defendants' Motion for Sanctions for Violation of Federal Rules of Civil Procedure, Rule 11 (Doc. 81); (3) Plaintiff's "Motion for Oral Argument on COT Motion for Sanctions" (Doc. 96); (4) Plaintiff's Motion for Ruling on Plaintiff's Motion to Amend Complaint (Doc. 100), and (5) Plaintiff's Second Motion for Ruling on Motion to Amend Complaint (Doc. 104). Each motion is addressed below.

**I.    Factual & Procedural Background**

In 2013, Plaintiff, acting *pro se,* filed complaints in CV 13-283-TUC-DCB and CV 13-1067-TUC-DCB which, in pertinent part, alleged violations under 42 U.S.C. § 1983 relating to Plaintiff's alleged arrest and removal from a Mayor and Council meeting on September 13, 2011. Named Defendants include Tucson Police Officer Couch who, together with an unidentified officer, allegedly arrested Plaintiff on September 13, 2011 at the Mayor and Council meeting, and John Doe defendants. (CV 13-268-TUC-DCB (Doc. 1); CV 13-1067 (Doc. 1).) In CV 13-283, the District Court dismissed, *inter alia,*

the claims arising from Plaintiff's removal from the Mayor and Council meeting for failure to state a claim under Rule 8 of the Federal Rules of Civil Procedure. The District Court also dismissed CV 13-1067 under the doctrine of claim preclusion. The Ninth Circuit Court of Appeals subsequently reversed the dismissal in CV 13-283, vacated the judgment in CV 13-1067, and remanded both actions for further proceedings.

Upon remand, the actions were consolidated and Plaintiff filed a Second Amended Complaint. The Second Amended Complaint filed in the consolidated actions includes "UNIDENTIFIED OFFICER" in the caption, names as one of the Defendants an "unidentified" Tucson City Police Officer and alleges that "Defendants Couch and the 'Unidentified Officer,' acting without probable cause to believe an offense had been committed, arrested Plaintiff, took Plaintiff into custody, and removed him from the Mayor and Council Chambers" on September 13, 2011. (CV 13-283-TUC-DCB (BPV) at Doc. 59, ¶¶ 13, 26, 27.) Plaintiff alleges that these actions violated his First Amendment right to free speech and resulted in false arrest. (*Id.* at ¶36(d), 37, 42-43). On November 9, 2017, the Court entered a scheduling order, permitting discovery to proceed and setting a deadline of January 31, 2018 for seeking leave to amend the complaint. (Doc. 70[1].)

## II. Plaintiff's Motion to Amend Complaint (Doc. 78)

Within the deadline for seeking leave to amend the complaint, Plaintiff seeks to file a Third Amended Complaint (TAC) to: (1) allege additional facts (Doc. 78-1 at ¶¶ 5, 18-23, 35); (2) clarify that Defendant Riojas is sued in his individual and official "capacity as a Tucson City Employee" (*Id.* at ¶10); (3) identify the "unidentified" officer who assisted Defendant Couch as Officer Shane Sholl (*Id.* at ¶¶ 13, 32-33, 41, 43(c)-(d), 43(j), 46(l)-47)[2]; and (4) correct dates (*Id.* at ¶¶ 28, 30).

Whether to allow amendment of the complaint is governed by Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."

---

[1] Unless otherwise specified, from this point forward, all citations to the record are to the docket in CV 13-283-TUC-DCB (BPV).
[2] Counts One and Two of the proposed TAC include duplicate paragraph numbering at paragraphs 42 and 43.

- 2 -

Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend under Rule 15, the court should consider whether: (1) there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) there have been repeated failures to cure deficiencies by previous amendments; (3) there has been undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Defendants assert that Plaintiff's attempt to amend the Second Amended Complaint to state a claim against Officer Sholl should be denied because it is futile as barred by the statute of limitations. (Doc. 82.)

In Arizona, a two-year statute of limitations applies to civil rights claims brought under 42 U.S.C. § 1983. *TwoRivers v. Lewis,* 174 F.3d. 987, 991 (9th Cir. 1999). A § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the cause of action." *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996) (internal quotation marks and citation omitted). Thus, the statute of limitations expired in September 2015.

Rule 15(c) of the Federal Rules of Civil Procedure allows for relation back of amendments to the date of the original pleading in certain circumstances. Rule 15(c) is to be liberally applied. *ASARCO, LLC v. Union Pac. R. Co.,*765 F.3d 999, 1004 (9th Cir. 2004 (citation omitted). Whether an amended complaint relates back is committed to the Court's discretion. *Louisiana-Pac. Corp. v. ASARCO, Inc.,* 5 F.3d 431, 434-35 (9th Cir. 1993). The purpose of Rule 15(c) "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *ASARCO, LLC,* 765 F.3d at 1005 (internal quotation marks and citation omitted).

> Under Rule 15(c)(1)
> An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Rule 15(c)(1) incorporates the relation back rules of state law "when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. National Comm. Renaissance of Cal.,* 766 F.3d 1191, 1198-1201 (9th Cir. 2014); *see also* Fed. R. Civ. P. 15(c)(1)(A). Therefore, the Court considers both federal and state law "and employ[s] whichever affords the more permissive relation back rule . . . ." *Butler,* 766 F.3d at 1201.

Defendants oppose amendment based solely on the ground that Plaintiff cannot establish that Officer Sholl "knew or should have known that the action would have been brought against [him] but for a mistake concerning . . . [his] identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Defendants assert that Officer "Sholl was not named until after disclosure was made in January 2017 suggesting Warden did not even know who Shane Sholl was when he filed his complaint."[3] (Doc. 82 at 2.) Defendants persuasively cite authority supporting the premise that relation back is not appropriate where the proposed amendment merely seeks to substitute a named party for a John Doe because no mistake is present within the meaning of Rule 15(c)(1)(C)(ii). (*Id.* at 2-3 (citing *Gomez v. Randle,* 680 F.3d 859, 867 n. 1 (7th Cir. 2012); *Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir. 1998)). *See also Warden v. Miranda, et. al.,* No. CV 14-02050-TUC-DCB at Doc. 62, p. 9 (holding that, among other things, Rule 15(c)'s relation back provision did not apply "where the Plaintiff did not name . . . [the new parties] in the original complaint because

---
[3] In their Motion for Sanctions, Defendants indicate that they identified Officer Sholl in January 2018 disclosure as being the officer who was with Defendant Couch. (Doc. 81 at 1.)

he did not know their identities.")).

Even if Fed. R. Civ. P. 15(c) does not permit amendment, the Court must still consider whether the amendment would relate back under Arizona law. Fed. R. Civ. P. 15(c)(1)(A). Defendants have not addressed Arizona law in opposing Plaintiff's motion.

Although Arizona's version of Rule 15(c) is similar to the federal rule, Arizona Rule of Civil Procedure 10(d) permits the use of fictitious names when a plaintiff actually intends to sue a defendant but does not know his name. *Gonzalez v. Tidelands MotorHotel Co. Inc.,* 123 Ariz. 217, 598 P.2d 1036, 1037 (App. 1979). Pursuant to Ariz. R. Civ. P. 10(d), "[i]f the defendant's true name is discovered, the pleading or proceeding should be amended accordingly." Ariz. R. Civ. P. 10(d).[4] "'Under this practice, substitution of the correct name at a later date does not add a party to the case—it merely corrects the name of the defendant *whom the plaintiff already has sued*.'" *Tomlin v. Gafvert,* CV 13-1980-PHX-SMM (ESW), 2015 WL 4639242, *4 (D. Ariz. Aug. 4, 2015) (discussing former version of Rule 10(d)) (quoting *McGill v. Nat'l Speciality Ins. Co.*, CV 12-1671-PHX-DGC, 2013 WL 331256, at *3 (D.Ariz. Jan. 29, 2013) (emphasis added in *Tomlin*)). Arizona courts have concluded that in this situation, "'[t]here is no need to implicate [R]ule 15(c) to provide for relation back since a party is not being changed or added.'" *Id.* (quoting *McGill,* CV 12-1671-PHX-DGC, 2013 WL 331256, at *3). However, if a plaintiff attempts to use Rule 10(d) to add a claim against a defendant for which the plaintiff did not originally intend to sue, Rule 10(d) is not applicable, "'and the plaintiff would need to comply with Rule 15(c) if the amendment of the new party is to relate back to the original complaint.'" *Tomlin,* CV 13-1980-PHX-SMM (ESW), 2015 WL 4639242, *4 (quoting *Lane v. Elco Indus. Inc.,* 134 Ariz. 361, 366, 656 P.2d 650, 655 (App. 1982); *see also Warden,* CV 14-2050-TUC-DCB at Doc. 62, p. 12 (citing *Lane,* 134 Ariz. at 366, 565 P.2d at 655)).

Here, Ariz. R. Civ. P. 10(d) properly governs Plaintiff's motion to file the TAC. Plaintiff intended to sue Officer Sholl but at the time Plaintiff filed his original complaint,

---

[4] Ariz. R. Civ. P. 10(d) formerly appeared as Rule 10(f).

- 5 -

he did not know Officer Sholl's name and, therefore, identified him as a "Doe"/"unidentified" party who assisted Defendant Couch. In the same month that Defendants apparently disclosed Defendant's Sholl's name (*see* Doc. 81 at 1), Plaintiff sought leave to file the TAC inserting Defendant Sholl as a named defendant in place of a fictitious party.[5]

Nor do Defendants argue that Defendant Sholl lacked notice of this lawsuit. Where amendment is made after expiration of the statute of limitations, both Arizona Rule 10(d) and 15(c) relate back only if defendants actually had notice or should have known of the claim within the time allowed for service. *See e.g. Hartford Ins. Group v. Beck,* 12 Ariz. App. 532, 534, 472 P.2d 955, 957 (1970) "Arguably, constructive notice may exist when the new defendant is represented by the same attorney as the original defendants." *Warden,* CV 14-02050-TUC-DCB at Doc. 62, pp. 9-10 (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1498.1 (3rd ed. 2010)). "Under the constructive notice doctrine, the Court may impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued so long as there is some showing that the attorney knew that the additional defendant[] would be added to the existing suit. Then, the newly added defendant is not prejudiced by the lack of notice because the attorney already has begun preparing a defense for the originally named defendant during the limitations period." (*Id.* at 10 (citing *Abdell v. City of N.Y.,* 759 F.Supp. 2d 450 (S.D.N.Y. 2010)); *see also Tomlin,* CV 13-1980-PHX-SMM (ESW), 2015 WL at 4639242 *5 (imputing notice).

Plaintiff's Motion to Amend Complaint is granted. Plaintiff shall have 30 days from the date that this Order is filed to file and serve his Third Amended Complaint.

---

[5] Unlike CV 14-02050-TUC-DCB, where Plaintiff asserted new allegations against new defendants with his attempt to amend (*see* CV 14-2050-TUC-DCB at Doc. 62, pp. 12-14), here Plaintiff simply inserted Officer Sholl's name in place of his reference to an unknown individual.

**III. Defendants' Motion for Sanctions for Violation of Federal Rules of Civil Procedure, Rule 11 (Doc. 81)**

Defendants seek sanctions against Plaintiff for his attempt to amend his Second Amended Complaint because, according to Defendants, the motion to amend is frivolous as barred by the statute of limitations. As discussed above, Plaintiff's motion seeking leave to file the TAC is not barred by the statute of limitations on the instant facts. Therefore, Defendants' Motion is denied.

The Court does find concerning certain of Plaintiff's statements directed at the attorneys representing Defendants (Doc. 92 at 1, lines 4-5) as well as Plaintiff's derogatory characterization of Senior Judge Bury's rulings as "utter stupidity or intentional malfeasance". (*Id.* at 3). Such derogatory statements serve no purpose in resolving the merits of this action. Plaintiff is advised that similar statements made from this point forward may result in the striking of the filing containing the statements, in addition to other sanctions without further warning.

**IV. Plaintiff's Motion for Oral Argument on Defendant's Motion for Sanctions (Doc. 96), Plaintiff's Motion for Ruling on Motion to Amend Complaint (Doc. 100), and Plaintiff's Second Motion for Ruling on Motion to Amend Complaint (Doc. 104)**

Having resolved Defendants' Motion for Sanctions in Plaintiff's favor, the Court finds no need for oral argument on same. Further, Plaintiff's Motion for Ruling on Motion to Amend Complaint is granted to the extent that the instant Order resolves Plaintiff's Motion to Amend Complaint. Plaintiff's Second Motion for Ruling on Motion to Amend Complaint is denied as moot.

**V. Conclusion**

For the foregoing reasons, IT IS ORDERED THAT:

(1) Plaintiff's Motion to Amend Complaint (Doc. 78) is GRANTED;

(2) Plaintiff shall have thirty (30) days from the date that this Order is filed to file and serve his Third Amended Complaint. Plaintiff is directed to correct the

paragraph numbering before filing his Third Amended Complaint;

(3) Defendants' Motion for Sanctions in Violation of Federal Rules of Civil Procedure, Rule 11 (Doc. 81) is DENIED;

(4) Plaintiff's "Motion for Oral Argument on COT Motion for Sanctions" (Doc. 96) is DENIED;

(5) Plaintiff's Motion for Ruling on Plaintiff's Motion to Amend Complaint (Doc. 100) is GRANTED to the extent that this Order resolves Plaintiff's Motion to Amend Complaint; and

(6). Plaintiff's Second Motion for Ruling on Motion to Amend Complaint (Doc. 104) is DENIED as moot.

Dated this 21st day of June, 2018.

Bernardo P. Velasco
United States Magistrate Judge